

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-13-2006

# USA v. McRae

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4351

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. McRae" (2006). *2006 Decisions*. Paper 102.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/102

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.  05-4351

UNITED STATES OF AMERICA

v.

KEVIN McRAE,
Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No.  05-cr-00274)
District Judge:  Honorable Garrett E.  Brown, Jr.

Submitted Under Third Circuit LAR 34.1(a)
November 27, 2006

Before:  RENDELL and AMBRO, <u>Circuit</u> <u>Judges</u>
and PRATTER*, <u>District</u> <u>Judge</u>.

(Filed December 13, 2006 )

OPINION OF THE COURT

---

* Honorable Gene E. K. Pratter, District Court Judge for the Eastern District of
Pennsylvania, sitting by designation.

RENDELL, *Circuit Judge*.

A federal grand jury returned a one-count indictment charging Kevin McRae with possession of a firearm and ammunition affecting commerce by a person who was formerly convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) and (2). McRae proceeded to trial and was convicted by a jury. McRae was sentenced to 87 months and has filed this appeal challenging his conviction, but not his sentence.

On appeal, McRae contends that the District Court abused its discretion regarding the scope of cross-examination when it refused to let McRae employ previous arrest reports for cases involving street sales of narcotics in connection with the cross-examination of one of the arresting officers. McRae contends that the officer's routine use of "stock phrases" in such reports would have led the jury to believe it was improbable that two such incidents occurred in the officer's presence within ten days of each other on the streets of Trenton. The jury, thus, would have had reasonable doubt as to whether the officer was telling the truth with respect to his purpose for stopping McRae, and with respect to the results of the stop.

McRae also contends that his motion for acquittal should have been granted because the government's evidence "made no sense, was in fact impossible or improbable and could not have served as the basis for a reasonable verdict of guilty."

The facts of the case were recounted to the jury in a two-day trial. Although the parties' versions of the facts differ significantly, the essence of the fact pattern revolves

2

around police observations of what appears to have been a drug transaction at or around 7:40 p.m. on November 24, 2004. The evidence at trial was that the officers, cruising in two police vehicles, observed McRae and another man standing face to face, close together. McRae was holding something in his left hand, and the other man was holding currency and appeared to be staring at what McRae was holding. The police observation was aided by one of the detectives' service flashlight. The officers followed McRae, because he was the suspected seller. When the officers then exited their vehicle and followed McRae, instructing him to stop, McRae dropped a silver colored object, which turned out to be a razor blade with a light residue of what appeared to be crack cocaine, and released a larger object that fell to the ground. One of the detectives went to the spot where the object would have landed and found a .380 caliber semiautomatic pistol.

We reject McRae's argument that he is deserving of a new trial because the District Court refused to permit reference to an arrest report that the officer, Detective Astbury, had authored several days after the arrest in this case, regarding an unrelated arrest. Notably, the District Court did allow defense counsel to cross-examine Detective Astbury extensively about his practice of using "stock phrases" in writing arrest reports about drug transactions. The District Court has broad discretion in this regard, and we conclude that this discretion was not abused. *See United States v. Lore*, 430 F.3d 190, 208 (3d Cir. 2005)("[A] district court retains wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on cross-examination to avoid, among

3

other things, harassment, prejudice, confusion of issues, or interrogation that is only marginally relevant or is repetitive.")(internal quotations omitted). Even if we were to credit the premise that this type of use of stock phrases by an officer engaged day-to-day in writing routine arrest reports bears on credibility or believability, nonetheless McRae was not prejudiced because defense counsel was able to accomplish his purpose sufficiently by cross-examination. Furthermore, reference to an unrelated report could have opened the door to a discussion of the details of the other reported incident and thereby confused the jury. This is an area best left to the trial judge's discretion. *See United States v. Tykarsky*, 446 F.3d 458, 476 (3d Cir. 2006)(finding no abuse of discretion in district court's refusal to permit cross-examination of FBI agent as to interviewing practices employed in an unrelated case).

McRae's second challenge, namely, to District Court's denial of his motion for acquittal on the ground that the government's evidence "made no sense," would require us to substitute the jury's credibility determination with McRae's. *See United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005)("Courts must be ever vigilant in the context of Fed.R.Crim.P. 29 not to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting its judgment for that of the jury."). McRae's challenge is not to the legal sufficiency of the evidence, as such, but, rather, as to whether a jury could credit the testimony of the government's witnesses. Indeed, even McRae concedes that, if the jury believed the detectives' testimony, the "reasonable inference in

4

a light most favorable to the Government would be . . . that the large black object [McRae] dropped was a gun, and the gun had not been dropped there the night before." After reviewing the record in the light most favorable to the government to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence, we conclude that the District Court did not err in denying McRae's motion for acquittal and will accordingly affirm. *Id.* at 133.